IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY,    ) | |
|                              ) | |
| Plaintiff,                   ) | |
|                              ) | |
|                              ) | Civil ActionNo. |
|                              ) | 6:09-cv-1361-SLB |
| v.                           ) | |
|                              ) | |
| CRAIG ENTERPRISES, LLC d/b/a; ) | |
| O'MALLEYS TAVERN, and        ) | |
| PHILLIP E. LIGHT,            ) | |
|                              ) | |
| Defendants.                  ) | |

## MEMORANDUM OPINION

In this declaratory judgment action, the plaintiff, Colony Insurance Company, asks this court to "declare that there is no coverage under the Colony Insurance Policy requiring Colony Insurance Company to defend and/or indemnify Craig Enterprises LLC d/b/a O'Malley's Tavern from the claims made against [it] by [d]efendant Phillip E. Light in the underlying litigation." (Doc. 1, p. 9.)  Light, a third-party beneficiary of the Colony Insurance Policy, is added to this action as an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.  However, in reality, it is actually only the rights of the other parties to the action that are being litigated.  On September 28, 2010, when Light did not respond to the complaint, the court entered default judgment against him holding

> as a result of this judgment, the allegations of the plaintiff's complaint will be treated as true as against Light, and he will not be allowed to later

>provide a defense to the plaintiff's claims, or to complain that he did not have the opportunity to be heard. However, the entry of this default judgment has no effect on the plaintiff's obligations to the other defendant, which could benefit Light. This order makes no determination as to the coverage issue.

(Doc. 17, p. 2.)

This case now comes before the court on the motions for summary judgment filed by the plaintiff.  (Docs. 18, 20, 21.)  The original motion, filed by the plaintiff, and against the defendant Craig Enterprises, was filed on September 28, 2010.  (Doc. 18.)  Craig Enterprises did not respond to the motion.  The plaintiff filed another motion for summary judgment on October 21, 2010, arguing that the original motion was due to be granted as no response was received.  (Doc. 20.)  In response to that motion the court ordered that "if the non-movant desires to contest the entry of summary judgment it should so state within 11 days after the date of this order. Otherwise, the court will deem the non-movant's failure to respond as consent to the granting of the motion."  (October 21, 2010 Margin Order.)  When no response to that order was filed by Craig Enterprises, the plaintiff filed a third motion for summary judgment.  (Doc. 21.)

Based on the above, Craig Enterprises consents to the entry of an order declaring that "there is no coverage under the Colony Insurance Policy requiring Colony Insurance Company to defend and/or indemnify Craig Enterprises LLC d/b/a

O'Malley's Tavern from the claims made against [it] by [d]efendant Phillip E. Light in the underlying litigation." A final order will be entered.

**DONE,** this 21st day of January, 2011.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE